IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | | |
|---|---|---|
| NOPARAT WUDHAPITAK, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 2:06-0049 |
| | ) | JUDGE HAYNES |
| v. | ) | |
| | ) | |
| RUSSELL STOVER CANDIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Plaintiff, Noparat (Ann) Wudhapitak, filed this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. against the Defendant, Russell Stover Candies, Inc. ("Russell Stover"). Plaintiff asserts claims of hostile work environment based upon her race, as an East Asian that resulted in her constructive discharge. The parties have completed discovery.

Before the Court is the Defendant's motion for summary judgment (Docket Entry No. 25), contending, in sum, that Plaintiff's proof is insufficient to establish any of her claims of alleged racial harassment, and that this failure precludes Title VII relief. Plaintiff concedes that her claim for retaliation and her state law claim of intentional infliction of emotional distress should be dismissed, yet Plaintiff asserts sufficient proof exists on her hostile work environment and constructive discharge claims to warrant a jury trial.

Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). Upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, particularly where there has

been an opportunity for discovery. Celotex Co. v. Catrett, 477 U.S. 317 (1986).

Plaintiff began working at Russell Stover in September 2005 as a utility worker. The Defendant's candy factory operation was quicker than the pace of her earlier work and increased the noise level to which Plaintiff was previously accustomed. Plaintiff has difficulties with the English language and became frustrated in her difficulty in communicating with her supervisors and co-workers. Plaintiff's supervisors constantly yelled at her, encouraging her, "not to miss candy." In response to her supervisors' and managers' yelling, Plaintiff would often look down and avoid eye contact with them. Plaintiff described her response as reflecting her feelings of shame, embarrassment and humiliation. See Docket Entry No. 32, Plaintiff's Deposition at pp. 27-28 and Docket Entry No. 34, Plaintiff's Deposition at pp. 90-92. Yet, Plaintiff was particularly adept at packing candy and Harold Wattjes, a company official, praised her for her work skills. (Docket Entry No. 32, Plaintiff's Deposition at p. 23).

Plaintiff informed the Defendant of her severe hypertension and dizziness and asked not to work on the catwalk that is located high above the plant floor. On the day she was instructed to go to the catwalk, she was in obvious distress, but the Defendant did not accept her subjective complaints of distress, and required her to produce a physician's statement. Plaintiff deemed the work environment so offensive, she left the Defendant's employment in August 2005.

Plaintiff contends her job exposure closely parallels Mia Southwick's employment at the Cookeville plant. Both are East Asian women who moved to Cookeville in the 1980s. Both grew up in the Buddhist spiritual tradition and faced ridicule at Defendant's plant because of their culture. Both were asked by co-workers if they worshiped statues. Donna Hackenberg, a co-worker, asked both women if their "slant eyes" affected their peripheral vision. Co-workers

threw candy at both East Asian women and a lead supervisor slapped Plaintiff's hand while she packed candy. (Docket Entry No. 32, Plaintiff's Deposition at pp. 36, 69-77). Southwick filed a Title VII complaint in this Court. Southwick v. Russell Stover Candies, Inc., 2:05-0050. In that action, the Court found that Dianna Meyrand spoke with Wudhapitak, who stated that she felt she was treated differently from American employees, and that Donna Hackenberg had confirmed that Wudhapitak experienced racial discrimination. Id. at Docket Entry No. 73, Memorandum at p. 30.

The Court concludes that material factual disputes exist on Plaintiff's hostile work environment claim. If an employer discriminates on the basis of a protected group and the harassment focuses on an employee's race or national origin, a hostile work environment exists. Meritor Sav. Bank v. Vinson, 477 U.S. 57, 64 (1986). The Court must examine the nature of this conduct and the totality of the circumstances. Williams v. General Motors Corp., 187 F.3d 553, 561 (6th Cir. 1999). The similar offensive conduct involving Southwick is relative and probative on Plaintiff's claim. Albeita v. TransAmerican Mailings, Inc., 159 F.3d 246, 251-52 (6th Cir. 1998).

Plaintiff's proof of her supervisor striking of her hand, the offensive remarks about her eyes in regard to her race, forcing her to work in stressful assignments and her co-workers throwing candy at her, collectively, could be viewed as establishing a hostile work environment. Even an isolated incident or remark, if extremely serious, can establish a hostile work environment. Bowman v. Shawnee State University, 220 F.3d 456, 462 (6th Cir. 2000). Plaintiff decided that she could not to endure this hostile work environment and resigned her employment with the Defendant. To be sure, some facts are undisputed and the Defendant investigated her

complaints. Yet, the trial court cannot weigh the evidence and particularly decide issues of credibility of witnesses on a motion for summary judgment. <u>Adams v. Metiva</u>, 31 F.3d 375, 378 (6th Cir. 1994).

Thus, the Defendant's motion for summary judgment (Docket Entry No. 25) is **DENIED.**

It is so **ORDERED.**

**ENTERED** the 27th day of March, 2008.

WILLIAM J. HAYNES, JR.<br>
United States District Judge

4